LAW OFFICES
# David Wikstrom
5 COLUMBUS CIRCLE - 11TH FLOOR
NEW YORK, NEW YORK 10019

E-MAIL: DAVID@DAVIDWIKSTROM.COM
WWW.DAVIDWIKSTROM.COM

TELEPHONE: (212) 248-5511
FACSIMILE: (212) 248-2866

February 22, 2023

The Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  United States v. Eric Patterson, *et al.*
          22 CR 468 (JLR)

Dear Judge Rochon:

     I represent defendant Eric Patterson in this case, and by this letter motion respectfully move for a modification of his conditions of release pursuant to 18 U.S.C. §3142(c)(3). Mr. Patterson was arrested on September 13, 2022 and released on a $50,000 Recognizance Bond, secured by the signatures of two financially responsible persons, and conditioned upon, *inter alia*, home detention.

     I now move for an order providing that the home detention condition be lifted, and that in its place a curfew be imposed, to allow limited movement in and around his residence and/or place of employment, while maintaining continued electronic location monitoring. Pretrial Services Officer Jonathan Lettieri does not oppose the request. Government counsel informs me that the USAO defers to Pretrial Services' position on the matter. If the application is approved by your Honor, then three of the bond conditions would be modified as follows:

1. The Home Detention condition set forth in ¶ 7(p)(ii) of the Bond is terminated.
2. The Curfew condition set forth in ¶ 7(p)(i) is imposed, and Mr. Patterson is to be restricted to his residence on a schedule to be determined by Pretrial Services.
3. The location monitoring condition set forth in ¶ 7(q)(1) of the bond remains in place.
4. All of the other terms and conditions remain in full force and effect.

     The Bail Reform Act mandates that the Court "shall" order a defendant's release "subject to the least restrictive further condition, or combination of conditions, that [the Court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §3142(c)(1)(B)(emphasis added). Mr. Patterson's record demonstrates that the home detention to which he is confined is more restrictive than necessary to "reasonably assure" the Court that he poses neither a flight risk nor a danger to the community. His home life is

stable and shows no sign of the volatility that marked his first weeks at home following his arrest. He is actively involved in child care. He continues to attend drug treatment. He and his wife continue to attend family and couples therapy. He had months of full-time legitimate employment, and though he lost his most recent job, he continues to seek new employment and obtains job interviews through Strive, the program I identified in my earlier bail modification applications. He is in Criminal History category I.

      Accordingly, I ask the Court to remove the home detention condition, and instead impose a night curfew seven days per week (the specific hours of which are to be determined by Pretrial Services); to leave in place electronic monitoring with GPS tracking; and to leave in place all the other conditions of the bond, including its geographic limitations.

Application GRANTED. Mr. Patterson's bond conditions are modified as follows; home detention is terminated and night curfew is imposed seven days per week. Curfew hours to be determined by Pretrial Services. Electronic monitoring with GPS tracking and all other bond conditions are continued.

Dated: February 22, 2023
      New York, New York

Respectfully submitted,

*/s/ David Wikstrom*

David Wikstrom

**SO ORDERED.**

*/s/ Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**